NELSON BROWN and HIAL FITCH, Plffs in error, vs. DAVID WESSON and
ANDREW WESSON, Defts in error.

An action in trover before a justice of the peace, in which a promissory note was intro-
duced and proved as the amount of damages claimed, and was delivered up and can-
celed on the trial, and judgment in trover was rendered for that amount against the
defendants, they not appearing to defend; the defendants on an ex parte application,
procured a common law certiorari to remove the proceedings into this court: And on
a motion by defendants in error to quash the certiorari on the ground that it appeared
the principal ground of the plaintiffs in error, was, that the proof before the justice
was not sufficient to warrant a judgment in trover, and that the action should have
been assumpsit; it was held that such a question could not be reached by a common
law certiorari; and motion was granted with costs.

*Motion by defendants in error to quash a common law certiorari.*—
On the 7th March last, this court granted a common law certiorari in
this cause, on the ex parte application of plaintiffs in error; said certiorari
was directed to the common pleas of Chenango county; the motion was
founded on the affidavit of Nelson Brown, one of the plaintiffs in error:
to which was annexed the papers used in the common pleas on motion to
set aside the execution issued by the clerk of Chenango county, and for
a perpetual stay of proceedings on said execution. The papers on which
said motion in the common pleas was founded, showed that the plaintiffs
in error were sued by the defendants in error in justice's court in Oxford,
and that the declaration in the justice's court was in *trover* for boots and
shoes, obtained by false pretences; a note was given by defendants for
the boots and shoes, which note was delivered to the justice to be can-
celed on the trial. The defendants did not appear in the justice's court,
and judgment for plaintiffs for damages and costs, $66·76, on the 9th
October, 1843, was rendered against them, a transcript filed and execution
issued by the clerk of Chenango county. The evidence before the justice
appeared with the papers. The affidavit of Nelson Brown, upon which
the certiorari was granted, stated "that he believed an improper and
fraudulent attempt was made in said cause to convert a *contract debt* into
a *tort,* and that the defendants (plaintiffs in error), applied to the com-
mon pleas for relief by motion, and they granted an order staying pro-
ceedings to enable the defendants (plaintiffs in error), to bring these
proceedings before this court by a common law certiorari." This motion
to quash said certiorari was founded upon the papers on which the said
certiorari was allowed, and also upon the affidavits of Henry R. Mygatt
(attorney), and Austin Hyde (judge of common pleas), and thereto are
annexed the affidavits of said attorney, and Uri Tracy (justice), used in
common pleas to resist said motion and orders of court below. The jus-

tices' affidavit used to resist the motion in the common pleas stated, that the judgment was rendered in trover; and that the plaintiffs' attorney brought to court a declaration part printed and part written in trover; and the affidavit of the attorney stated an admission made by defendants in justice's court. The common pleas denied the motion with costs, and directed an alias execution to issue; after the motion was decided, they granted time to move for a certiorari or mandamus. The affidavits of the attorney (Mygatt), and the judge (Hyde), upon this motion, showed that the motion in the common pleas was resisted upon two affidavits above stated, and that said two orders were entered. Hyde was one of the judges who presided on the motion, and he stated that " the counsel of said Brown and Fitch assumed among other grounds, that the evidence · before the justice was not sufficient to sustain trover, and that the action should have been in assumpsit and not in trover." The affidavit of attorney (Mygatt) stated that no notice was given for said motion for certiorari, and that he expected notice, and that the costs ($7), in the common pleas directed to be paid on denying the motion had not been paid.

H. H. Martin, *Counsel for Defts in Error.*

N. Hill, Jr., *Counsel for Plffs in Error.*

H. R. Mygatt, *Atty for Defts in Error.*

H. Bennett, *Atty for Plffs in Error.*

Bronson, Chief Justice.—There can be little doubt that the writ was allowed at the March special term, on the supposition that the action before the justice was assumpsit on a promissory note, and the judgment in trover for boots and shoes. If such had been the fact, there would have been error in those parts of the proceedings, which are in the nature of a record, and a common law certiorari might have been an available remedy. But it now clearly appears that the action was trover from beginning to end; and the only question which can be made, is, whether there was sufficient evidence to support the judgment. Such a question can not be reached by a common law certiorari, and it would be worse than useless to go on with the litigation. Motion granted.